NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000046
27-APR-2026
07:54 AM
Dkt. 52 SO**

NO. CAAP-24-0000046

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

DEUTSCHE BANK NATIONAL TRUST COMPANY, A NATIONAL BANKING ASSOCIATION, AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT RELATING TO IMPAC SECURED ASSETS CORP., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-2, Plaintiff-Appellee, v. LORRIN J. AIWOHI, Defendant-Appellant, and ASSOCIATION OF UNIT OWNERS OF ARRUDA ESTATES I, Defendant-Appellee, and DOES 1 through 20, inclusive, Defendant

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 5CCV-23-0000050)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Lorrin J. Aiwohi (**Aiwohi**) appeals from the January 5, 2024 Judgment entered against Aiwohi and in favor of Plaintiff-Appellee Deutsche Bank National Trust Company, as Trustee under the Pooling and Servicing Agreement Relating to Impac Secured Assets Corp., Mortgage Pass-Through Certificates, Series 2007-2 (**Deutsche Bank**), by the Circuit Court of the Fifth Circuit (**Circuit Court**).[1] Aiwohi also challenges the Circuit Court's January 5, 2024 Findings of Fact and Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment and for Interlocutory Decree of Foreclosure (**Foreclosure Decree**).

_____

[1] The Honorable Randal G.B. Valenciano presided.

Aiwohi raises two points of error on appeal, contending that the Circuit Court erred in entering the Foreclosure Decree because: (1) foreclosure was precluded by the six-year statute of limitations set forth in Hawaii Revised Statutes (**HRS**) § 490:3-118(a) (2008); and (2) there was a genuine issue of material fact with respect to whether the subject mortgage (**Mortgage**) encumbered Aiwohi's Kawaihau Road property in Kapaʻa (**Subject Property**).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Aiwohi's points of error as follows:

(1) Aiwohi argues that the statute of limitations applicable to mortgage foreclosure actions is six years and that case law to the contrary should be overturned. The Hawaiʻi Supreme Court recently rejected this argument in Bank of New York Mellon v. White, 156 Hawaiʻi 246, 573 P.3d 629 (2025). In White, the supreme court held that "the statute of limitations for mortgage foreclosure actions is twenty years per HRS § 657-31." Id. at 250, 573 P.3d at 633. Thus, we conclude that Aiwohi's first point of error is without merit.

(2) Aiwohi argues that there is a genuine issue of material fact concerning whether the foreclosed Mortgage was secured by the Subject Property because the Mortgage includes reference to a street address that is different than the current address of the Property. However, with its motion for summary judgment, Deutsche Bank offered evidence that the subject note signed by Aiwohi was secured by the Mortgage, which encumbered

2

the Subject Property by reference to the Legal Description attached to the Mortgage as Exhibit A, as well as by reference to a tax map key (**TMK**) number, albeit with added language "which currently [(in 2007)] has the address of" a Kawaihau Road street number that was different than Aiwohi's Kawaihau Road street number at the time of foreclosure. In addition, Deutsche Bank submitted a 2012 Loan Modification Agreement signed by Aiwohi, which amended and supplemented the original note and Mortgage, and which referenced the correct address of the Subject Property.

In response to the summary judgment motion, Aiwohi submitted no evidence tending to show that the Mortgage was not intended to encumber the Subject Property. Aiwohi did not dispute that the referenced TMK number corresponds to the Subject Property or that the legal description was controlling. Nor does Aiwohi argue on appeal that the Mortgage was not intended to encumber the Subject Property. Rather, Aiwohi argues that Deutsche Bank failed to meet its *prima facie* burden of accurately identifying the Subject Property as the property secured by the Mortgage.

We conclude that this argument is without merit. See Nozawa v. Operating Eng'rs Local Union No. 3, 142 Hawaiʻi 331, 342, 418 P.3d 1187, 1198 (2018) ("Once a summary judgment movant has satisfied its initial burden of producing support for its claim that there is no genuine issue of material fact, the party opposing summary judgment must 'demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial.'" (brackets omitted) (quoting Lales v. Wholesale Motors Co., 133 Hawaiʻi 332, 359, 328 P.3d 341, 368 (2014))).

3

Deutsche Bank met its initial burden here.  Aiwohi did not demonstrate specific facts, as opposed to mere allegations, that presented a genuine issue worthy of trial.  <u>Accord</u> <u>E*Trade Bank v. Gibson</u>, CAAP-18-0000694 & CAAP-20-0000592, 2022 WL 17850138, *8 (Haw. App. Dec. 22, 2022) (mem. op.) (rejecting a similar argument based on a discrepancy in the foreclosed property's street address).

   For these reasons, the Circuit Court's January 5, 2024 Foreclosure Decree and Judgment are affirmed.

   DATED:  Honolulu, Hawaiʻi, April 27, 2026.

On the briefs:

Frederick J. Arensmeyer,
(Law Office of Frederick J.
Arensmeyer, LLLC),
for Defendant-Appellant

Patricia J. McHenry,
Lisa K. Swartzfager,
(Cades Schutte, a Limited
Liability Law Partnership),
for Plaintiff-Appellee

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge